UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LORENZA EADY ) | |
| 4500 Bradford Circle, Hwy. 544 ) | |
| Myrtle Beach, S.C. 29588 ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|     v.           ) | CA No. _____ |
| ) | |
| DONALD RUMSFELD, Secretary of Defense ) | |
| FRANCIS HARVEY, Secretary of the Army, ) | |
| JAMES NICHOLSON, Secretary of Veterans ) | |
|     Administration, ) | |
| ) | |
|     Defendants. ) | |

COMPLAINT FOR DECLARATORY RELIEF

This is a claim to compel agency actions unlawfully withheld and unreasonably delayed by the Department of Defense, Army, and Veterans Administration [VA], and for plaintiff's records not timely corrected or relief wrongfully withheld by the VA, when on December 19, 2003, the plaintiff was granted full relief by the Army Board for Correction of Military Records [ABCMR], docket number AR 2002-076652, awarding him disability back pay retroactive to 1975 and voiding his General Discharge, with a deadline to complete all actions in 60 days.

JURISDICTION AND VENUE

Jurisdiction is conferred on this Honorable Court by the Administrative Procedure Act, 5 U.S.C. § 702 and § 706(1), and the Privacy Act, 5 U.S.C. § 552a(d)(1), and e(5),(6).

Venue is proper as the Defendants are found in this District.

1

## PARTIES

Plaintiff, Lorenza Eady, is a former enlisted soldier at the rank of Sergeant First Class, grade E-7, from the regular Army.

Defendants, Donald Rumsfeld, Francis Harvey, and James Nicholson, in their official capacities as the Secretary of Defense, Secretary of the Army and Secretary of the Veterans Administration, respectively.

## FACTS

1. On December 19, 2003, the ABCMR granted Eady substantial relief: voided his misconduct discharge on October 22, 1975 that had issued a "General" characterization of service issued in lieu of court-martial;[1] placed Eady on the Army's permanent disability retired list "not by reason of misconduct" with a 30% rating for combat post-traumatic stress disorder [PTSD]; awarded back disability retired pay retroactive to his 1975 discharge. Undersigned counsel was Mr. Eady's ABCMR counsel.

2. The ABCMR found the PTSD disability as stemming from several causes: Sergeant Eady's heroism during ground combat in Vietnam in 1968 that earned him the Silver Star and other decorations, and then from continued lack of proper diagnosis and treatment resulting in an incident causing his misconduct then discharge in October 1975.

3. In 1968, SGT Eady's platoon was ambushed by a hostile enemy force. The enemy killed the Army officers, senior non-commissioned officers, while wounding many soldiers. SGT Eady, then 22 years old

> distinguished himself by valorous action. . . .after seeing many of his comrades wounded, rushed through intense enemy fire to carry them to safety. After administering first aid to the wounded, he returned to his position and was instrumental in preventing the enemy from overrunning his unit's position.[2]

---

[1] ABCMR Decision at 11 ¶ a-b ("general discharge is void and of no force or effect").

[2] ABCMR Decision at 3, ¶ 4.

4. That searing combat experience, which also involved the dangerous nighttime recovery of many dead bodies and body parts, eventually triggered what was then variously called combat stress, war neurosis, battle fatigue, and today recognized as PTSD.[3]

5. To permit disability processing when a soldier is pending discharge for misconduct, the ABCMR determined that Sergeant Eady's PTSD condition was the substantial cause of the misconduct in 1975 resulting in discharge in lieu of court-martial.[4]

6. On the cover page of the 2003 ABCMR decision awarding relief, the Army Secretary's delegate, Mr. Karl Schneider, Deputy Assistant Secretary (Army Review Boards), ordered "necessary" administrative action be taken "no later than **February 20, 2004** [emphasis in original]." This is approximately a 60-day deadline. The order was issued to the implementing agency, Army Review Boards Agency, ARBA. The BCMR is an agency within ARBA. The BCMR is convened by each service secretary. 10 U.S.C. § 1552(a). The Department of Defense has oversight responsibility of the service BCMRs. DODD 1332.41, *Boards for Correction of Military Records, and Discharge Review Boards* (2004). Each military service is responsible to settle military pay claims from correction of records, and managed through officials at the Defense Finance and Accounting Service [DFAS]. 10 U.S.C. § 1552(c).    7. With respect to the payment of back retired disability pay, calculation of Sergeant Eady's monthly pay would be due at his E7 enlisted grade at 30% beginning October 22, 1975. However, the VA in 1976 began paying Mr. Eady a 10% rated monthly disability pension for a service-connected injury, then diagnosed as "combat anxiety neurosis." This 10% rated VA pension was $35 monthly, under 38 U.S.C. § 314 (1976).[5] The VA rating eventually increased upward over the next 20 years to eventually a permanent 100% rated pension in 1995.[6]

---

[3] "Honor restored, at last," <u>Army Times</u>, Aug. 8, 2005, at 14.

[4] ABCMR Dec. 10 ¶ 5 (although unrecognized at the time, was suffering from PTSD in 1975)

[5] Currently codified at 38 U.S.C. § 1114.

[6] 1977 (30%), 1982 (50%), 1989 (temporary 100%).

8. Title 38 U.S.C. § 5304 is commonly called the bar on concurrent receipt of both military and VA pensions. The Army's back pay due per month must be offset by any concurrently received VA monthly pension. Mr. Eady's monthly Army retired pay at 30% was about $250 in 1975. Therefore, beginning in 1975, Mr. Eady would have been entitled to his monthly Army pension offset by any VA monthly pension paid until the VA rating increase resulted in a monthly payment exceeding the Army monthly pension. Moreover, any lump sum due from the Army is exempt from federal tax because the BCMR determined Mr. Eady's PTSD qualified under 26 U.S.C. § 104, as directly resulting from a combat related injury in Vietnam.

9. In March 2004 when the Army's implementation deadline had passed without any action, undersigned counsel contacted Mr. Eady's ARBA case worker, Ms. Jerri Jones who identified the finance case workers. The finance officials were Mr. Egon Krummins, Defense Finance and Accounting [DFAS], Denver Office (Debt and Claims Management), and Ms. Joyce Law, DFAS, Cleveland Office (Army Retired Pay).[7]

10. Mr. Krummins and Ms. Law told undersigned that it would not process Mr. Eady's back pay claim because the VA refused to provide the necessary records or figures of what it actually paid Mr. Eady per month from 1976. The VA indicated to the Army officials that it was inconvenient to provide the records or calculations because Mr. Eady's VA case file was with another office adjudicating his appeal of a VA decision denying his request to make his 100% VA rating retroactive to 1976 instead of from 1989. The finance officials said nothing could be done without the VA's cooperation. However, the officials did not elevate this issue up through their supervisory chain, such as to the DoD or Army executive level, to attempt VA cooperation, nor at the Secretarial level.[8] The

---

[7] DFAS Denver provides overall oversight and finalizes pay claim actions after DFAS Cleveland has computed back-retired pay due.

[8] Counsel confirmed this as of August 26, 2005. In February 2005, Ms. Law forwarded an a demand from counsel, via e-mail, to the VA to immediately provide the records and calculations or Mr. Eady may resort to legal remedies. The VA did not reply.

Army has now exceed its 60-day deadline to implement the BCMR decision by 18 months. DFAS and ARBA have moved on to other cases.

      11.      The VA has no authority to suspend the finality of the Army's BCMR mandate, issued under 10 U.S.C. § 1552, pending a VA appeal or for any other inconvenience. Moreover, the outcome of Mr. Eady's appeal of the VA's refusal to make his 100% rating earlier than 1989, will likely take years. Success is speculative. Mr. Eady has no entitlement to a 100% rating earlier than 1989. For example, after several years without success before the VA's Regional Office (RO), the next Board of Veterans Appeals (BVA), and U.S. Court of Appeals for Veterans Claim (USCAVC), the U.S. Court of Appeals (Fed.Cir.) in 2004 simply remanded his request back to the RO in South Carolina to reopen his case and consider his claim. The new process is still sluggishly winding its way without any success through the RO, BVA, and USCAVC.

      12.      Even if in the distant future Mr. Eady might be successful to move his 100% rating back to some unknown earlier date, any VA back-pension due would be deducted from the Army's back pay award payable now. The VA may not hold hostage Mr. Eady's 2003 clear monetary success at the ABCMR ordering him to be paid immediately. It has now been 20 months since the ABCMR decision. By the time this litigation is concluded it may be two years.

      13.      The Army and DoD have also acted unreasonably by not taking further action, nor soliciting action at the executive or Secretarial level, to resolve this delay. It is simply sitting on it hands, busy implementing with other cases. Mr. Eady's case has effectively been thrown away.

      14.      The Army office at ARBA in 2004 also refused to void Mr. Eady's 'General' service characterization and issue an Honorable service characterization. In July 2004, the Army's new discharge DD Form 214 showed placement on the permanent retired disability list in 1975 <u>but</u> incredibly retained his General service characterization for misconduct. This is not only impossible under regulations,[9] but ignores the plain language of and intent of the ABCMR 2003 decision stating

---

[9] AR 40-501, *Standards of Medical Fitness* (prohibits disability processing when a soldier is subject to separation for misconduct unless the latter was caused by the medical condition).

the GD was "void, of no force or effect" and award of a disability retirement "not the result of misconduct." Undersigned counsel's complaints to ARBA were ignored.

15. Mr. Eady's counsel complained back to the ABCMR in May 2004 of the ARBA refusal to implement the relief. However, it took the ABCMR 10 months until May 2005 to simply state that its "intent" of the 2003 decision voiding the GD was to upgrade the service characterization Honorable. AR 2004-0009617 (May 2, 2005) at 2-3 ¶¶ 13-15.[10] However, instead of reissuing the 60-day deadline from its 2003 decision, the Army Secretary arbitrarily gave itself over 5 months until October 11, 2005, to simply reissue the correct DD Form 214. The Army did not state the basis why its prior 60-day deadline was inadequate, particularly when only one line-item on the DD Form 214 ("character of service," block 24) required a change to "Honorable". Mr. Eady is also due the accompanying Secretarial-signed certificate of Honorable retirement, suitable for framing.[11] Although the 2003 decision deadline expired on February 20, 2004, and the Army in 2005 simply reiterated the intent of its prior decision— the result is the Army effectively extending the deadline to correct the DD 214 for another 20 months to October 11, 2005.

16. Mr. Eady has suffered both irreparable emotional and financial prejudice from the agencies' delay in paying him and issuing the Honorable retirement documents.

    A. The Army's delayed back pay award due beginning 30 years ago, is now pressed through litigation. It will likely not be paid for years from the December 2003 decision. This delay has irreparable consequences because no interest was awarded on Eady's lost pay if the 60-day

---

[10] Repeating that the "intent" of its plain language was to grant an Honorable retirement (GD was "void, of no force or effect", his service was outstanding, and retirement was not the result of misconduct).

[11] AR 635-5 (2000) *Separations Documents* ¶ 2-11 (DA Form 363A). While the DD Form 214 contains data used by employers and government agencies, the certificate is of great personal significance and prepared for use by veterans under framing or display.

deadline was not met. As palpably demonstrated, the DoD, Army, and VA have no incentive to meet this deadline for Eady's case, nor for similarly situated veterans with overdue back pay claims.[12]

      B. Mr. Eady is totally disabled and unemployable. He subsists on a fixed income under a 100% VA pension and Social Security disability insurance. He is severely mentally disabled, and elderly. It is well established in clinical PTSD practice that a perceived failure of socio-cultural-medical support systems will aggravate a sufferer's condition or symptoms. It is accepted that the failure of these systems was one reason why many Vietnam veterans' initial but temporary combat stress symptoms conditions led to a high rate of permanent and disabling PTSD. Experts in Mr. Eady's case concluded that the Army and VA's refusal for years to recognize his crippling PTSD, nor promptly compensate him, caused his condition to worsen until mentally crippling.

17. To avoid paying Mr. Eady, the DoD, Army, and VA have offered typical excuses of bureaucratic inconvenience. No deadlines have been given. The unavoidable perception by a PTSD sufferer is that his support systems are still failing him, frustrating his relief, perhaps waiting until he dies or gives up. The VA's delay is perceived as retaliation for pursuing an appeal. The unreasonable delays by these agencies has worsened Mr. Eady's condition and adversely affected his relationships with his spouse, children, and family members.

18. This disgraceful treatment is also prejudicial to the image of the Armed Forces. The Army advertises for a volunteer force by purporting to provide fair and honest medical treatment for its wounded combat veterans with a disability compensation. It also exalts special status for highly decorated heroes. The image the Army is now selling to Mr. Eady is at best careless indifference, and at worst disrespect and duplicity. Pay the soldier. Remove the shame of misconduct now. Issue the Army Secretary's certificates of Honor.

---

[12] This Court may in its discretion find the delay of back pay beyond the 60-day deadline sanctionable conduct under Fed.R.Civ.P. 11, and award compound interest as a penalty commencing February 21, 2004.

7

19. The VA's violates Mr. Eady's Privacy Act request for his own records through his Army-agent, or refuses to comply with an inter-agency request.[13] The Army's condonation of this violation by doing nothing after its self-imposed 60-day deadline, also constitutes unlawful withholding of relief or unreasonable agency delay.

20. Unreasonable agency delays that indefinitely withhold relief after BCMR decision have the effect of circumventing recent Congressional intent mandating disposition of BCMR applications within 10 months. 10 U.S.C. § 1557. This defangs the time limits. Successful applicants should not have to resort to compel untimely implementation of a Board's disposition by burdening the courts.

## CAUSE OF ACTION

The failure of the Department of Defense, Army, and Veterans Administration, to take any action when the 60-day deadline lapsed to take necessary steps to implement the ABCMR decision, violated the Administrative Procedure Act as unlawfully withholding and unreasonably delaying implementation of plaintiff's retired back pay award, voidance of his General discharge, and issuing Honorable retirement certificates. The Veterans Administration violated the Privacy Act by refusing to comply with plaintiff's request through his agent, or comply with an inter-agency request, for his pay records.

---

[13] 38 U.S.C. § 5702.

PRAYER FOR RELIEF

     That this Honorable Court declare that the failure of the DoD, Army, and Veterans Administration to take any action when the 60-day deadline lapsed to implement the ABCMR decision, violated the Administrative Procedure Act as unlawfully withholding and unreasonably delaying payment of plaintiff's retired back pay award, with the Army additionally delaying voidance of his General characterization of service and issuing Honorable retirement documentation.

     That this Honorable Court declare the Veterans Administration violated the Privacy Act by refusing to comply with plaintiff's request through his agent, or comply with an inter-agency request, for his pay records pertinent the BCMR award of back disability retired pay.

     That this Honorable Court set a 30-day deadline for the Veterans Administration to provide the Army all pertinent pay records and calculations concerning monthly disability pension payments to plaintiff beginning in 1976, and responsive to the Army specific request.

     That this Honorable Court set a 30-day deadline for the Army to issue plaintiff a correct DD Form 214 showing Honorable disability retirement in block 24, and issue accompanying DA Form 363A, certificate of Honorable retirement from the Army.

     That this Honorable Court set an additional 30-day deadline for the DoD and Army, upon receipt of the VA pay records or calculations, to present or offer final payment calculations to plaintiff of his back due disability retired pay from his 1975 discharge.

     That this Honorable Court remand this action to the DoD, Army, and VA, ordering them to provide the Court with a status report upon reaching each respective deadline.

     That this Honorable Court grant reasonable attorney fees and costs for pursuing this litigation, and other relief as deemed appropriate.

Respectfully Submitted,

*John A. Wickham*

John A. Wickham, Esq. DC Bar 454863
32975 Saint Moritz Drive
Evergreen, CO  80439-6720
(303) 670-3825

wickham1@wispertel.net