UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LORENZA EADY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CA No. 05-1758 (ESH) |
| ) | |
| DONALD RUMSFELD, et.al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO END ENLARGEMENT OF
TIME AND TO ANSWER THE COMPLAINT**

Plaintiff–Eady moves to terminate the ongoing enlargement of time whereby the parties were attempting to negotiate terms to implement an agency–delay case. Eady requests the Court either: (1) order the parties within 5 days to file a Stipulation of Settlement for Entry of Judgment containing a 21-day deadline to complete all actions, (2) or in the alternative, order that defendant within 5 days to answer the complaint.

The complaint was filed nearly six month ago on September 1, 2005. Mr. Eady contended the defendant had unreasonably delayed and unlawfully refused to take corrective action, provide necessary records, and other remedies, to implement a favorable agency decision in December 2003, of Army Board for Correction of Military Records, that voided his 1975 General Discharge (Misconduct), granted medical retirement with back pay retroactive to 1975, and appropriate record corrections. Mr. Eady requested that the Court find the defendant's refusal to act on the agency decision was unlawful, then compel defendant within 60 days to implement the agency decision. Administrative Procedure Act, 5 U.S.C. § 706, (1), (2).

Since filing this lawsuit 6 months ago, the records corrections and remedial actions proposed by defendant have been rushed and sloppy, contain many errors, and without any guarantee of a completion deadline. In effect, defendant has for most part simply agreed to sometime in the future implement the BCMR decision. But this obligation was already binding

1

upon the defendant prior to the lawsuit, and of course well beyond the 120-day limit directed by the Army Secretary in 2003.

Secondly, defendant refuses to negotiate for any attorney fees. Considering the proposed corrections contain errors without an end in sight, and Eady is 100% mentally disabled, this compels Sergeant Eady— a highly decorated combat, disabled veteran on a limited fixed income unable to work—to bear the costs of an endlessly protracted legal proceeding to implement his very own favorable BCMR decision.

Thirdly, defendant's continuing delay to restore Mr. Eady's full honor and dignity is inflicting a great toll upon his emotional health. Mr. Eady is a 100% disabled soldier diagnosed with combat-related Post Traumatic Stress Disorder. It is medially well-established that PTSD victims' perceptions of an unresponsive support system will worsen or aggravate this mental illness. With the ongoing wars in Iraq and Afghanistan resulting in newly disabled soldiers everyday, this smug indifference to the military's legal and moral duty to take care of its wounded, sends an ominous message.

WHEREFORE, the Court should terminate the ongoing enlargement of time and order: (1) the parties within 5 days to file a Stipulation for Entry of Judgment with a 21-deadline to complete all corrective actions, or in the alternative, order the defendant within 5 days to answer the complaint.

March 25, 2006

John A. Wickham, Esq. DC Bar 454863
32975 Saint Moritz Drive
Evergreen, CO 80439-6720
(303) 670-3825